IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-CR-123-WKW |
| | ) | [WO] |
| PAUL ROWE | ) | |

## **ORDER**

On June 20, 2018, the Magistrate Judge filed a Recommendation (Doc. # 39) that the motion to suppress filed by Defendant Paul Rowe (Doc. # 15) be denied. Defendant timely objected to the Recommendation. (Doc. # 40.) Upon a *de novo* review of the record and the Recommendation, Defendant's objections are due to be overruled and the Magistrate Judge's Recommendation is due to be adopted.

Defendant's objections mostly rehash arguments he made in his motion to suppress. The Recommendation adequately addressed Defendant's arguments and properly rejected them. For the reasons explained in the Recommendation, the officer's stop of the vehicle was lawful. *See United States. v. Simmons*, 172 F.3d 775, 778 (11th Cir. 1999) ("[A] decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation occurred."); Ala. Code § 32-5A-174 ("No person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic except when reduced

speed is necessary for safe operation or in compliance with law."). Contrary to Defendant's argument, the evidence supports the credibility determinations made by the Magistrate Judge concerning the officer's testimony.

Moreover, the officer's warrantless search of the vehicle was supported by probable cause. The officer testified that, upon his approach to the vehicle, he smelled the strong smell of marijuana emanating from the open window and saw marijuana debris on the front passenger seat and center console (Doc. # 32, at 8–10). *See United States v. Barnett*, No. 2:08-CR-100-FTM-29SP, 2009 WL 426023, at *10 (M.D. Fla. Feb. 19, 2009) ("[The officer] smelled a strong odor of marijuana emanating from the vehicle's interior as he approached the driver's side. The smell of marijuana emanating from a vehicle gives an officer probable cause to search a vehicle without a warrant." (citing *United States v. Griffin*, 109 F.3d 706, 708 (11th Cir. 1999))); *United States v. Lueck*, 678 F.2d 895, 903 (11th Cir. 1982) ("[T]he recognizable smell of marijuana gives rise to probable cause supporting a warrantless search.").

Finally, Defendant has failed to provide authority to support his objections.

Accordingly, it is ORDERED as follows:

1. The Magistrate Judge's Recommendation (Doc. # 39) is ADOPTED;

2. Defendant's objections (Doc. # 40) are OVERRULED; and

3. Defendant's motions to suppress (Doc. # 15) is DENIED.

DONE this 17th day of July, 2018.

                                          /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE