IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-CR-123-WKW |
| | ) | [WO] |
| PAUL ROWE | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant's Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial (Doc. # 72), and Defendant's unopposed Motion for Extension to File Reply Brief. (Doc. # 80.) Defendant's motion for extension (Doc. # 80) will be granted. Defendant's reply brief, along with the other filings, were carefully considered. For the reasons stated herein, Defendant's Motion (Doc. # 72) is due to be denied.

### I. BACKGROUND

**A. Summary of Evidence at Trial**

Defendant proceeded to trial on the government's superseding indictment charging him with three offenses: (1) knowingly and intentionally possessing marijuana with intent to distribute (Count I); (2) possessing a firearm in furtherance of a drug trafficking crime (Count II); and (3) knowingly and intentionally possessing marijuana with intent to distribute (Count III). (Doc. # 23.)

The jury trial commenced October 1, 2018. The charged offenses arose from two separate arrests of Defendant over the course of several months. An officer

stopped Defendant for a traffic violation on July 17, 2017, in Montgomery, Alabama, while he was driving a rented vehicle. Defendant was the sole occupant of the vehicle. Due to the marijuana debris on the seat and other factors raising the officer's suspicion of drug trafficking, the officer conducted a probable cause search, uncovering about 500 grams of marijuana, nearly $7,000 in currency, and two loaded firearms. One of the firearms, a "Draco" AK-47 style pistol was in a backpack with the marijuana, and the other firearm, a .45-caliber handgun, was in the cargo pocket behind the passenger's seat. The arresting officer testified that the handgun was positioned such that the driver could have easily grabbed it. The officer further testified that both weapons were loaded with ammunition and ready to be fired. This arrest resulted in Counts I and II of the superseding indictment.

On November 30, 2017, the police department coordinated a controlled buy from Defendant using a confidential informant. The police arrested Defendant before the deal took place and found over 600 grams of marijuana in his vehicle. The informant testified that he had purchased a similar amount from Defendant on several occasions and that he (the confidential informant) sold to individuals for personal use in approximately one-ounce (28 grams) increments. This arrest resulted in Count III of the superseding indictment.

The government highlighted that the amount of marijuana Defendant possessed in the charged offenses was inconsistent with personal use. Specifically, there was testimony that the typical marijuana cigarette contains approximately one

gram of marijuana. Accordingly, the officers explained that a personal use amount usually is a few grams of marijuana. The government witnesses further elaborated that, even assuming Defendant smoked several grams of marijuana every day, it would still have taken him months to finish the 600 grams found in his vehicle. The unrebutted testimony was that marijuana is perishable and would start to mold and dry-out after several weeks. The government witnesses denied that "bulk shopping" for marijuana for personal use was reasonable or practical.

The government also introduced evidence of an uncharged arrest of Defendant in August 2017, to show Defendant's intent to distribute the marijuana he possessed in July and November 2017. *See* Fed. R. Evid. 404(b). There, Defendant and another individual were driving together in a rented vehicle in Arizona with 26 grams of marijuana and approximately $67,000 in currency in the trunk, there were also duffel bags and backpacks that appeared to be empty, as well as a vacuum seal machine and other packaging. The officer testified that Defendant and the passenger had inconsistent stories about where they were traveling and why. The officer explained that the circumstances — the cash, the way the cash was packaged, the rented vehicle, the vacuum seal packaging, and the story about their travels — suggested drug-trafficking activity.

The defense presented one witness. That witness testified that he and Defendant regularly visited the gun range and were planning to do so the day after Defendant was arrested with the firearms in July 2017. The apparent purpose of this

3

testimony was to undermine the government's theory that he possessed the firearms in furtherance of a drug trafficking crime. Instead, Defendant presented evidence to suggest that he possessed the firearms exclusively for recreational purposes. The government's cross examination undermined the testimony that the Draco pistol would have been used at the gun range, because the government elicited testimony that suggested that the Draco pistol is not usually very accurate for the purposes of target practice.

Defendant did not testify. And he offered no evidence that he consumed the marijuana in question or possessed the marijuana for any purpose other than distribution. The jury returned a verdict of guilty on all three counts. (Doc. # 66.)

**B.      Facts Related to Request for Simple Possession Instruction**

Jury instructions were due the week before jury selection was scheduled to begin. (Doc. # 21.) Both parties timely filed jury instruction requests. (Docs. # 57, 58.) While the trial was initially expected to last several days, the evidence concluded mid-afternoon on the second day of trial. At the close of the government's case, defense counsel orally informed the court that she was planning to request a lesser-included simple possession charge. (Doc. # 76, at 2–3.) Around the same time, defense counsel filed a request for a simple possession instruction without including the actual instruction. (Doc. # 62.)

The court briefly heard arguments from the parties on the issue of the proposed instruction and observed that there was no evidence of personal use

presented at trial. The court decided to leave the issue until the charge conference the following morning. Before counsel left for the day, the court expressed skepticism toward the simple possession instruction, but agreed to review any law defense counsel submitted before the charge conference.

Counsel failed to file anything before the charge conference the following morning. At the charge conference, defense counsel still did not have a simple possession instruction prepared. The court heard argument on the issue and allowed defense counsel the opportunity to draft a proposed charge that morning, delaying the start of closing arguments. During the charge conference, the court observed that "[t]he only evidence I have of personal use is that [Defendant] and the marijuana were together." (Doc. # 77, at 9.) Defense counsel agreed that the police officer, who initiated the traffic stop in July 2017, did not report smelling smoke and only discovered raw marijuana, no smoked marijuana. (Doc. # 77, at 9–10.) Defense counsel asserted, however, that in order to suggest personal use, she would point to the testimony that, during the initial stop there was marijuana residue in the car and that, in August 2017, the passenger of the vehicle in Arizona indicated that he and Defendant had smoked marijuana while in Arizona. (Doc. # 77, at 5.)

Counsel handwrote the proposed instruction and provided a copy to the court shortly before 9:00 a.m., the time that closing statements were scheduled to begin. Counsel did not have time to file the request or provide a copy to opposing counsel, but the court read the instruction into the record:

5

> If, after considering the charge of possession with intent to distribute marijuana, you determine the government has not proven guilt beyond a reasonable doubt, you are then to consider guilt or innocence on the lesser-included offense of simple possession of marijuana as follows. If you believe the government has proven to you beyond a reasonable doubt that the defendant is guilty of the lesser-included offense of simple possession of marijuana, you should say so. If you do not believe the government has proven the defendant's guilt of the simple possession of marijuana beyond a reasonable doubt, say so.

(Doc. # 77, at 15.) The court initially denied the request for three reasons: (1) the charge was late because charges were due a week before trial was set to commence; (2) the proposed charge was not an accurate statement of the law; and (3) citing *United States v. Ambriz*, 727 F.3d 378 (5th Cir. 2013), the court reasoned that simple possession and possession with the intent to distribute did not necessarily overlap because simple possession and distribution are two different concepts with distribution requiring some act in furtherance of distribution.

After closing arguments, the court more fully explained its reasoning for the denial of the charge. Having had the opportunity to review additional case law, the court distinguished the *Ambriz* decision, because that case involved actual distribution while this case involved intent to distribute. Accordingly, the court acknowledged that the elements of simple possession were included within the elements of possession with intent to distribute. (Doc. # 79, at 3.) The court confirmed its denial of the charge and reemphasized that the charge was "doubly late" since defense counsel both missed the deadline to file a week before trial and then did not submit the charge until after the court had prepared the instructions and

the verdict form, and the jury was waiting for closing arguments to commence. (Doc. # 79, at 3.) The court further cited evidence that "[t]here is the connection of the money, the guns, and the drugs. There's the proximity of the guns to the drugs. There's the testimony of [the confidential informant], which is uncontradicted, that this defendant was his drug dealer, that it was a regular sales arrangement." (Doc. # 79, at 4.) The court continued that the only testimony regarding personal-use amount was elicited from the police officers. Finally, the court pointed to the excessive number of air fresheners, the vacuum seal bags, the vacuum sealing machine, the suspicious Arizona trip, and the three stops with Defendant driving all three times to explain that evidence of intent to distribute is very strong in this case. (Doc. # 79, at 4–5.) Accordingly, the court reaffirmed its initial decision to deny the proposed simple possession charge.

## II. LEGAL STANDARD

### A. Motion for Judgment of Acquittal

The test in considering a Rule 29 motion for judgment of acquittal is "whether, viewing all the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. O'Keefe*, 825 F.2d 314, 319 (11th Cir. 1987) (internal citations omitted) *see also* Fed. R. Crim. P. 29.

### B. Motion for a New Trial

In the alternative, Defendant moves for a new trial. Rule 33 of the Federal Rules of Criminal Procedure provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision to grant a new trial is within the sound discretion of the trial judge. *United States v. Champion*, 813 F.2d 1154, 1170 (11th Cir. 1987).

### C. Lesser-Included Offense Jury Instruction

Requests for proposed jury instructions must be made at the close of evidence, or at an earlier time set by the court. Fed. R. Crim. P. 30(a). The party making the request, must furnish a copy to every other party. *Id*. The court must inform the parties before closing arguments on how it intends to rule on the proposed instructions. Fed. R. Crim. P. 30(b).

"[A] lesser-included offense instruction is proper where there is a disputed issue of fact which would enable the jury rationally to find that, although the elements of the charged greater offense have not been provided, all the elements of one or more lesser offenses have been." *United States v. Gutierrez*, 745 F.3d 463, 470 (11th Cir. 2014) (quoting *United States v. Methvin*, 441 F.2d 584, 586 (5th Cir. 1971)). Generally, a "district court's refusal to incorporate a requested jury instruction will be reversed only 'if the proffered instruction was substantially correct, the requested instruction was not addressed in the charges actually given, and the failure to give the instruction seriously impairs the defendant's ability to

8

present an effective defense.'" *United States v. Starrett*, 55 F.3d 1525, 1551 (11th Cir. 1995) (quoting *United States v. Maduno*, 40 F.3d 1212, 1215 (11th Cir. 1994))

### III. DISCUSSION

Defense counsel argues that the court should not penalize Defendant Rowe for her tardiness in requesting a jury instruction on simple possession. Counsel contends that it was not until the close of the government's case that she considered a lesser-included offense. To explain her tardiness, counsel states that the government's case-in-chief concluding earlier than expected rushed her to make decisions about the defense's strategy and whether Defendant would testify. She further asserts that there was a miscommunication between herself and her co-counsel regarding who would draft the proposed instruction. (Doc. # 72, at 5.) In short, counsel argues "the small inconvenience to the government and the Court [due to the tardiness of the request] was far outweighed by the injustice to the defendant." (Doc. # 72, at 6.) Accordingly, counsel argues the jury should have been charged on the lesser-included offense of simple possession. As a matter of law, a conviction of simple possession, as opposed to possession with intent to distribute, would require an acquittal on Count II. While saying nothing about Count III, defense counsel contends that a judgment of acquittal on Counts I and II is appropriate or, in the alternative, a new trial should be granted.

## A. The court has discretion to bar untimely jury instruction requests.

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the court established the deadline for jury instructions as one week before jury selection. (Doc. # 21). On September 24, 2018, both parties timely filed their proposed instructions. At the close of the government's evidence on October 2, 2018, defense counsel orally requested a simple possession charge and then filed that same request, without the language of the proposed charge. (Doc. # 62.) The court agreed to hold the charge conference the following morning and counsel was to file the proposed instruction that evening. At the charge conference, however, defense counsel still did not have an instruction ready.

The Eleventh Circuit previously affirmed a district court's decision to deny jury instruction requests as untimely. *See United States v. Johnson*, 713 F.2d 633, 652 (11th Cir. 1983) (stating "the district court has merely required, as Rule 30 permits, filing [jury instructions] at an earlier point in the proceedings"); *see also United States v. Cunningham*, 194 F.3d 1186, 1200 (11th Cir. 1999) (holding that the district court acted within its discretion to deny a jury instruction that was not made in writing as required by Rule 30 of the Federal Rules of Criminal Procedure and the local rules). As explained above, the requested charge was doubly late and deprived the government an opportunity to review the charge and object to the substance of the instruction. Accordingly, the court was within its discretion to deny the charge on these grounds alone.

**B.    Defendant was not entitled to a lesser-included offense based upon the evidence presented at trial.**

A lesser included offense instruction is proper "where the evidence would not permit a rational jury to find the defendant guilty of the lesser offense and not the greater." *Gutierrez*, 745 F.3d at 470. The reasoning behind permitting a defendant a lesser-included offense is that, "[w]here one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the jury is likely to resolve its doubts in favor of conviction." *Beck v. Alabama*, 447 U.S. 625, 634 (1980).

Even if defense counsel had timely submitted her request for the lesser-included offense of simple possession, Defendant was not entitled to the instruction because the evidence would not permit a reasonable jury to convict Defendant of the lesser-included offense of possession of marijuana and not of the greater offense of possession with intent to distribute marijuana. Here, the evidence overwhelmingly pointed to drug trafficking.

This case is like *United States v. Lee*, 68 F.3d 1267 (11th Cir. 1995), cited by the government. There, the Eleventh Circuit declined to overturn the district court's decision to refuse a lesser-included charge of simple possession when there was "no significant evidence presented to support the possibility that the crack cocaine in [the defendant's] pocket was for his personal use." *Id.* at 1273. Citing the evidence of distribution — the unrebutted testimony that the amount the defendant possessed

was well in excess of the amount typical for personal use and evidence that the defendant supplied distributors rather than individual users — the Eleventh Circuit "[could not] conclude that a rational jury could have found [the defendant] guilty of the lesser offense of mere possession and *not* the greater one of possession with intent to distribute." *Id*.

Here, the evidence overwhelmingly pointed to drug trafficking. As detailed above, the government presented unrebutted testimony that Defendant regularly supplied the confidential informant with approximately a pound of marijuana for the purpose of distributing that marijuana in smaller amounts for individual sales. The government presented evidence, and repeatedly explained, it would not have been feasible for Defendant to have personally smoked over a pound of marijuana before the marijuana became unusable. The government further offered evidence of the two firearms recovered in Defendant's possession, the proximity of those firearms to 500 grams of marijuana, the significant amounts of unexplained cash ($7,000 on one occasion and $67,000 on another), a suspicious cross-country trip in a rented vehicle, and paraphernalia indicative of drug sales (namely, a vacuum sealer and plastic baggies). This evidence is much stronger than the evidence provided in *Lee* to support the intent-to-distribute charge. There was no significant evidence from

which the jury could have found that Defendant possessed the marijuana for his personal consumption and, thus, he was not entitled to a simple possession charge.[1]

Additionally, the jurors indicated their confidence in their decision to find Defendant guilty of a drug trafficking offense by further finding Defendant guilty of possessing a firearm in furtherance of a drug trafficking offense. The jurors' opinions on the evidence are somewhat revealed by them finding him guilty of *both* possession with intent to distribute *and* using a firearm in furtherance of a drug trafficking crime. Were the jury not convinced of Defendant's guilt as to the drug trafficking offense, it could have indicated that uncertainty by acquitting him of the firearm charge. Importantly, the sole defense witness focused on the firearms and testified that the firearms at issue were for use at the gun range, not for use in drug trafficking. The jury, however, did not find that evidence credible, as demonstrated by the guilty verdict.

### C. The requested instruction was not an accurate statement of the law.

Defense counsel's requested lesser-included simple possession instruction read as follows:

> If, after considering the charge of possession with intent to distribute marijuana, you determine the government has not proven guilt beyond a reasonable doubt, you are then to consider guilt or innocence on the lesser-included offense of simple possession of marijuana as follows.

---

[1] The court was consistent in its refusal to include jury charges that were not supported by the evidence. While the government declined to object on the record, the court rejected the government's requested instruction of unexplained wealth (Doc. # 58, at 26) in the final jury charge because it was not sufficiently supported by the evidence. The issue at sentencing is not unexplained wealth but rather jointly undertaken criminal activity and calculation of drug amounts.

13

> If you believe the government has proven to you beyond a reasonable doubt that the defendant is guilty of the lesser-included offense of simple possession of marijuana, you should say so. If you do not believe the government has proven the defendant's guilt of the simple possession of marijuana beyond a reasonable doubt, say so.

(Doc. # 77, at 15.) This requested instruction — for which there is no pattern jury instruction in the Eleventh Circuit — does not adequately explain the elements of the charge of simple possession. It only instructs the jury to consider the "offense of simple possession," providing it no guidance on the law of simple possession. Accordingly, the court rejected this incomplete statement of the law.

## IV. CONCLUSION

Viewing the evidence in the light most favorable to the government, there is overwhelming evidence of drug trafficking. Based on the presence of the guns, the proximity of the guns to the drugs, and the accessibility of a loaded firearm to the driver, it was reasonable for the jury to conclude that the guns were possessed in furtherance of a drug trafficking offense. Thus, Defendant fails to meet his burden for a judgment of acquittal.

Because Defendant was not entitled to a simple possession instruction, there is no substantial harm to Defendant and no other basis for Defendant's request for a new trial.

Accordingly, it is ORDERED that Defendant's Motion for Extension to File Reply Brief (Doc. # 80) is GRANTED and Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial (Doc. # 72) is DENIED.

DONE this 22nd day of February, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE